UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLTON JOSEPH,

        Plaintiff,

vs.                                                  DECISION AND ORDER
                                                               05-CV-6161

SCHLEGEL SYSTEMS, INC.

        Defendant.

_____

On June 26, 2008, Defendants Schlegel Systems, Inc. ("Schlegel") and Scott Page ("Page") filed a notice of motion seeking on order dismissing the complaint against them pursuant to Federal Rules of Civil Procedure 37 and 41, and granting them attorneys' fees and costs. On July 16, 2008, the Court entered an amended motion scheduling order directing that any responding papers to the application be filed by July 31, 2008, and set the oral argument for August 14, 2008, at 4:15 p.m. According to the Clerk's docket, the amended order was electronically delivered to all counsel, and mailed to Carlton Joseph at the address in Dublin, Georgia shown on the docket sheet. As of August 12, 2008, no responding papers have been filed.

Plaintiff began this lawsuit by filing his complaint with the Court on April 7, 2005. The first scheduling order directed that all factual discovery be completed by March 3, 2006 (the date was subsequently amended to March 30, 2007). Plaintiff appeared for his deposition in Rochester, New York, on May 22, 2006, from 10:17 a.m. until the adjournment at 4:45 p.m. (Keneally Decl., Docket No. 40-4, ¶ 4.) The moving papers detail Plaintiff's failure to

appear for the conclusion of his deposition, scheduled upon notice for January 29, 2007. (Keneally Decl. ¶¶ 7-8; Carling Decl., Docket No. 40-3, ¶ 5.) The deposition was rescheduled, once again on notice to Plaintiff's counsel, for February 26, 2007. (Keneally Decl. ¶ 10.) Shortly before that date, Plaintiff's counsel contacted Defendants and informed them that Plaintiff had remained in Georgia and would not be at the deposition. (*Id*. ¶ 11.) A few months later, Plaintiff's lawyer informed defense counsel and the Court that he no longer represented Plaintiff, and his withdrawal from the case was recognized in the Clerk's docket by an entry on May 22, 2007. Subsequently, on May 22, June 21, October 25, and November 27, 2007, Plaintiff appeared *pro se* at telephone discovery conferences before the Honorable Marian W. Payson, United States Magistrate Judge, to whom this case had been referred for pretrial management. 28 U.S.C. § 636 (2005). On March 6, 2008, Plaintiff again appeared by telephone for a settlement conference before Judge Payson. Then, on May 8, 2008, Plaintiff appeared by telephone in a status conference before Judge Payson, and she scheduled his deposition for May 30, 2008. The following day, Judge Payson entered a scheduling order which contained the following paragraphs:

> ORDERED, that Plaintiff Carlton Joseph shall appear for the continuation of his deposition in the above-captioned matter on May 30, 2008 at 10:00 a.m. at Brown Reporting, Inc., located at 6501 Peake Road, Building 500, Macon, Georgia; and it is further
>
> ORDERED, that should Plaintiff Carlton Joseph fail to appear for his continued deposition without the Court's permission, he shall be subject to sanctions, up to and including dismissal of this action and/or the entry of a Judgment against him for Defendants' attorneys' fees and costs.

(Docket No. 38.) According to the Clerk's docket, a copy of the order was delivered to Plaintiff at his Georgia address. At the request of the Court, defense counsel made arrangements to continue Plaintiff's deposition in Georgia at a video deposition location in

Macon, about one hour from Plaintiff's town of Dublin. (Keneally Decl. ¶ 17-19.) Counsel sent Plaintiff notice of the deposition date, April 20, 2008, time, 10:00 a.m., and place, Brown Reporting, Inc., 6501 Peake Road, Building 500, Macon, Georgia. (*Id*. ¶ 22; Letter from Paul F. Keneally to Carlton Joseph (Apr. 7, 2008), attached as Exhibit C to Keneally Decl., Docket No. 40-4, at 1.) Plaintiff failed to show for the deposition. (Keneally Decl. ¶¶ 33-37.)

In a letter dated June 6, 2008, and which was docketed (Docket No. 39) on June 23, 2008, Plaintiff wrote that he was experiencing financial difficulties and though he had sufficient funds for the bus ticket, could not obtain cab fare. He asked the Court to contact Gene Nisbet at the First Methodist Church, and gave a phone number of (478) 272-0242. (Letter from Carter Joseph to Hon. Marion W. Payson (Jun. 6, 2008), Docket No. 39, at 1.) Plaintiff has failed to communicate with the Court since his June letter.

## STANDARDS OF LAW

Federal Rule of Civil Procedure 37 states in pertinent part as follows:

Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

(1) In General. (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; ...

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). In addition, Rule 37(b)(2)(A)(v) allows for the additional remedy of dismissal for a party's failure to comply with a court order regarding discovery. Moreover, Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

These sanctions are applicable in the case of a pro se plaintiff. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal.").

## DISCUSSION

Defendants Schlegel and Page have demonstrated that Plaintiff was duly warned by court order that his failure to appear for his deposition, arranged for his convenience in Georgia, could result in dismissal with prejudice. The unrefuted declarations show that Plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action." *Valentine*, 29 F.3d at 50. The Court determines that the appropriate sanction is dismissal of the action with prejudice, pursuant to Federal Rules of Civil Procedure 37 and 41. Specifically, Plaintiff's failure to obey Judge Payson's order of May 9, 2008, and his disregard of the Court's motion scheduling order, evince his willful failure to prosecute his lawsuit, his willful failure to comply with Federal Rules of Civil Procedure, and his willful failure to obey this Court's orders. Fed. R. Civ. P. 41(b). Moreover, based upon his intentional disregard for the noticed depositions, both costs attorney's fees are responsible sanctions in this case. Fed. R. Civ. P. 37(d)(3). The Court has reviewed counsels' submission and finds the attorney's fees in a total amount of

$855.00, and costs[1] of $2,395.00, reasonable, and awards the same to Defendants as detailed below.

## CONCLUSION

The application by Defendants Schlegel and Page (Docket No. 40) is granted and this lawsuit is dismissed with prejudice. In addition, the Court awards Scott Page $570.00 in attorney's fees and $1,197.50 in costs; and awards Schlegel Systems, Inc., $285.00 in attorney's fees and $1,197.50 in costs. The Clerk is directed to enter judgment. This case is not closed, however, in that it continues against Defendant Union of Needletrades, Industrial and Textile Employees (UNITE).

DATED:   August 21, 2008
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] The Court notes that the majority of these costs were entirely avoidable and resulted from rental of the Rochester and Macon video conference facilities for the continuation of Plaintiff's deposition.